## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| _____ | : | |
| BAN ME THUOT HONEYBEE JSC, ET AL., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Court No. 25-00085 |
| v. | : | Unassigned |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE COMPLAINT OUT OF TIME AND TO VACATE DISMISSAL ORDER

Pursuant U.S. Court of International Trade ("CIT") Rules 6(b)(1)(B), 60(b)(1), 60(b)(6), and 7(b), Ban Me Thuot Honeybee Joint Stock Company, Daklak Honeybee Joint Stock Company, Dak Nguyen Hong Exploitation of Honey Company Limited TA, Daisy Honey Bee Joint Stock Company, Hoa Viet Honeybee One Member Company Limited, and Hanoi Honeybee Joint Stock Company (hereinafter, "Plaintiffs") respectfully request that this Court grant leave to accept Plaintiff's complaint and to vacate the Order of Dismissal by the Clerk of the Court (CIT ECF No. 11).

## FACTUAL BACKGROUND

Plaintiffs instituted this action pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)) to contest the final results issued by the U.S. Department of Commerce ("Commerce") in the August 25, 2021 – May 31, 2023 administrative review of the antidumping duty order on Raw Honey from the Socialist Republic of Vietnam. See Raw Honey From the Socialist Republic of Vietnam: Final Results of Antidumping Duty Administrative Review; 2021-2023, 90 Fed. Reg. 15,553 (Dep't Commerce Apr. 14, 2025).

On May 13, 2025, Plaintiffs timely filed the summons.  See CIT 25-00085 ECF No.1, (May 13, 2025).  On June 2, 2025, undersigned counsel believed that the complaint had been filed to the Court as evidenced by email communications attached hereto.  On June 2, 2025 at 6:09 pm, Plaintiff's counsel emailed counsel to the Defendant, the United States, sharing the complaint and the Form 24 statutory injunction and seeking consent to file the Form 24 statutory injunction and advising that "{w}e filed the complaint today." See **Attachment 1** (email to Defendant's counsel). Attached to the email was the complaint, the Form 24 and the Form 24 continuation sheet.  See **Attachment 1**.  The time the complaint was last modified on undersigned's counsel's server was June 2, 2025 at 5:37 pm. See **Attachment 3** attached electronically.  Thus, Defendant possessed the complaint on the same day as the complaint was dated and believed to be filed by Plaintiff. On June 4, 2025, counsel for Defendant responded and suggested some minor changes to the Form 24.  See **Attachment 2** (reply email from Defendant's counsel).

On June 4, 2025, Plaintiff's counsel filed the Form 24 and Proposed Order for Statutory Injunction Upon Consent.  See CIT 25-00085, ECF No. 8, June 4, 2025.  On June 5, 2025, the Court granted Plaintiff's Form 24 Order for Statutory Injunction Upon Consent. See CIT 25-00085, ECF No. 9, June 5, 2025.  On June 16, 2025, the Clerk of the Court ordered that the action captioned above be dismissed for lack of prosecution pursuant to USCIT Rules 41(b)(2) and 82(b)(7). See Order of Dismissal, ECF No. 9.  Receipt of the order dismissing the action was the first time that Plaintiff's counsel realized that the docket did not contain Plaintiff's complaint believed to be filed on June 2, 2025.  On June 16, 2025, Plaintiff's counsel emailed counsel for the Defendant to inform them of Plaintiff's intention to file this motion.  On June 16, 2025, the Court entered an order of dismissal was entered because a complaint was not filed within thirty days of the filing of the summons to the Court pursuant to USCIT Rules 41(b)(2).  Order, ECF No. 11, June 16, 2025.

### THE COURT SHOULD VACATE THE ORDER OF DISMISSAL

Under USCIT Rule 60(b)(1) and (6), the court may relieve a party from an order for (1) mistake, inadvertence, surprise, or excusable neglect or (6) any other reason that justifies relief. Rule 60(b) requires that "{t}he motion shall be made within a reasonable time, and {when based upon Rule 60(b)(1)} not more than one year after the judgment, order, or proceeding was entered or taken." Here, Plaintiffs make their 60(b)(1) motion within one day of the order of dismissal.  Thus, this motion is filed within a reasonable time.

The order of dismissal was entered because a complaint was not filed within thirty days of the filing of the summons to the Court pursuant to USCIT Rules 41(b)(2).  However, Plaintiff believed that it did file the complaint as evidenced above. Yet, the docket for this action does not contain the complaint.

As explained below, the court should vacate the dismissal order due to mistake, inadvertence, surprise, or excusable neglect under USCIT Rule 60(b)(1) and permit leave to accept Plaintiff's complaint out of time because of excusable neglect pursuant to USCIT Rule 6(b)(1)(B).

The court assesses excusable neglect by considering: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." See Aspects Furniture International Inc. v. United States, 469 F.Supp.3d 1359, 1364-65, citing, United States v. Horizon Prods. Int'l, Inc, 34 F. Supp. 3d at 1367 (CIT 2014) (citing Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 392, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) ("Pioneer"). The determination of what types of mistakes are excusable is an equitable one and takes into account all relevant

circumstances surrounding the party's omission including all four factors.  See Changzhou

Hawd Flooring Co., Ltd. v. United States, 986 F.Supp.2d 1372, 1378-79 (CIT 2016)

("Changzhou Flooring") citing, Pioneer, 507 U.S. at 395, 113 S.Ct. 1498.

When all factors are considered, the inadvertent omission of the complaint from the

record is excusable.  The reason for the delay in filing the complaint justifies relief from the

order of dismissal. As explained above, Plaintiff's counsel finalized the complaint at 5:37 pm

on June 2, 2025.  Counsel believed that the complaint was filed on CM/ECF soon thereafter.

Counsel then emailed counsel for Defendant at 6:09 pm on June 2, 2025 (i.e., a mere 32 minutes

before counsel shared the complaint with Defendant's counsel stating his belief that the complaint

was filed) and attached the complaint while seeking consent to the Form 24 statutory injunction

and advised that Plaintiff "filed the complaint today."  See **Attachment 1**.  At that time,

counsel for Plaintiff believed that the complaint was filed, approximately ten days before the

deadline under the Court's rules.  The excusable neglect was that counsel, having believed to

have completed the filing on the Court's docket, did not confirm that the complaint had been

successfully filed on the docket thereafter.

Counsel did not check to confirm that the complaint had been successfully filed

because, in counsel's experience, CM/ECF does not always send the email confirmation

immediately after filings are accepted.  Plaintiff's counsel did not have reason to believe that

the filing may not have been completed by the fact that email confirmation was not

immediately received at the time that Plaintiff's counsel emailed Defendant's counsel seeking

consent for the Form 24 statutory injunction.

Moreover, counsel did not consider that the complaint had not been successfully filed

after he believed the complaint to be filed because Defendant had consented to the entry of a

statutory injunction and the Court had entered the injunction. Based on Plaintiff's counsel understanding of the Defendant's policy and practice with regard to its position for parties moving for injunctive relief, Defendant generally does not consent to a statutory injunction until after a complaint has been filed. This case is not like other cases where parties moved to submit tardy filings after a due date. In this case, the only other party was served the complaint on the date the complaint was believed to have been filed. Counsel presumed that the complaint had been filed because he believed he had filed it on CM/ECF and Defendant had consented to the statutory injunction. That mistaken presumption was reasonable in light of Defendant's practice of normally only consenting to a statutory injunction after a complaint has been filed.

 The mistaken belief by Plaintiff's counsel that the complaint was filed is a unique situation. This Court has previously granted a party's late motion for Plaintiff-Intervenor status when that party had proceeded under the mistaken belief that actions it had taken already were sufficient to achieve the outcome desired by its motion. See Changzhou Flooring, 986 F.Supp.2d at 1379, (explaining, movant, "seems to have proceeded under the mistaken belief, without objection and in good faith…"). As discussed above and as evidenced by Plaintiff counsel's email communications with the Defendant, Plaintiff's counsel truly believed, albeit mistaken, that the complaint was filed on June 2, 2025, further demonstrating the unique and excusable nature of the case here. In this case, there appears to be an inadvertent mistake where there is no prejudice to defendant, inappreciable delay in the administration of the case, and only good faith efforts by Plaintiff thus warranting the determination that the neglect is excusable.

 The absence of prejudice to the Defendant, the insignificant delay and its minimal

impact on the judicial proceeding, and Plaintiff's good faith to prosecute this action and to remedy the deficiency promptly after learning of the deficiency far outweigh the inadvertent mistake that occurred here where Plaintiff believed the complaint was filed.  Had there been prejudice to Defendant, then perhaps it would not be regarded as excusable. See Pioneer, 507 U.S. at 398, 113 S.Ct. 1500, (explaining, "were there any evidence of prejudice to petitioner or to judicial administration in this case, or any indication at all of bad faith, we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect to be "excusable.").

The defendant is the only opposing party to this action and is not prejudiced by acceptance of the complaint.  Defendant was in fact served the complaint on June 2, 2025, ten days before the time expired to file and serve the complaint as evidenced by the complaint included at Attachment 3 that was attached to the email at Attachment 1. Moreover, Defendant consented to the Form 24 Statutory Injunction motion, which must be filed within 30 days of the filing of the complaint pursuant to USCIT Rule 56.2(a)(4)(A).  Thus, Defendant cannot claim prejudice because it possessed the complaint and appears to have believed that the complaint was filed by consenting to the Form 24 motion on June 4, 2025.

The acceptance of the complaint now, just days after the expiration of the 30 day period to file the complaint has no impact on the judicial proceedings and does not appreciably delay this proceeding.  The contested determination published in the Federal Register on April 14, 2025. See Raw Honey From the Socialist Republic of Vietnam: Final Results of Antidumping Duty Administrative Review; 2021-2023, 90 Fed. Reg. 15,553 (Dep't Commerce Apr. 14, 2025).  If Plaintiffs had taken all of the time available, the time limit to submit the summons was May 14, 2025 and the time to submit the complaint was June 13, 2025.  Acceptance now does not delay the proceeding especially considering that the Court has already granted the

Form 24 statutory injunction preventing liquidation of entries exported by Plaintiffs which further demonstrates that the administration of this action was not delayed because the action of enjoining liquidation proceeded as if the complaint was filed on June 2, 2025.

Counsel acted in good faith and to reduce delays in the judicial proceeding, by immediately serving Defendant's counsel with the complaint once counsel believed it was filed and not delaying in seeking Defendant's counsel's consent to the Form 24 statutory injunction before the Court granted the Form 24. The email communications with counsel for Defendant demonstrate Plaintiffs' intentions to prosecute this action and to reduce delays in the judicial proceeding, including by immediately serving Defendant's counsel with the complaint once counsel believed it was filed and not delaying seeking Defendant's counsel's consent to the Form 24 statutory injunction before the Court granted the Form 24.

Moreover, Plaintiff took steps to minimize any potential prejudice to Defendant and to reduce delays to the Court. Within hours of becoming aware of the absence of the complaint from the docket, counsel contacted Defendant expressing Plaintiff's intention to file this motion on June 16, 2025. Counsel shared a draft of this motion with Defendant's counsel on June 16, 2025. Both good faith and efforts to minimize delay upon the judicial proceeding is also demonstrated by the fact that Plaintiffs attempted to file the complaint ten days earlier than the due date. Finally, Plaintiff's counsel took all steps within his control to minimize potential delay by taking steps to correct the mistake immediately upon learning of the mistake.

In cases with even greater degree of delay and potential prejudice to another party, the courts have reinstated actions dismissed for lack of prosecution. In Carisbrook, despite delay of several months to the proceeding, confusion on part of the movant, the absence of significant prejudice, and good faith by the movant prompted the court to allow reinstatement of the civil

Court No. 25-00085                                    **Motion to Vacate Dismissal**

action.  See Carisbrook Industries, Inc. v. United States, 13 C.I.T. 736, 738 (1989).  Similarly, in A Classic Time, the plaintiff moved to vacate a dismissal nearly eleven months after the case was dismissed (just under the one year time limit for filing a Rule 60(b) motion) and the court granted the motion.  See A Classic Time, et al., v. United States, 13 C.I.T. 836, 838 (1989).

Considering all factors discussed above, the equitable considerations weigh heavily in favor of restoring Plaintiffs' opportunity to pursue a just outcome in this case.  The absence of any prejudice to the Defendant or any appreciable delay to the proceeding, the good faith efforts by Plaintiffs to prosecute this case, and the unique circumstance where the complaint, although not on the docket, was believed to be filed and Defendant was in fact served the complaint all weigh in favor of granting this motion.

On June 16, 2025, Plaintiffs emailed Natalee A. Allenbaugh, Esq., of the U.S. Department of Justice, counsel for the Defendant, a draft of this motion.  Counsel for Defendant expressed its intention to file a written response to this motion.

Therefore, we respectfully request that the Court grant Plaintiffs' motion to vacate the dismissal order and deem the complaint included at Attachment 3 as filed.

A proposed Order is attached.

Respectfully submitted,

/s/ Jonathan M. Freed

Jonathan M. Freed
TRADE PACIFIC PLLC
700 Pennsylvania Avenue SE
Suite 500
Washington, DC  20003
(202) 223-3760

Counsel to Plaintiffs
*Ban Me Thuot Honeybee Joint Stock Company,*
*Daklak Honeybee Joint Stock Company, Dak*

*Nguyen Hong Exploitation of Honey Company Limited TA, Daisy Honey Bee Joint Stock Company, Hoa Viet Honeybee One Member Company Limited, and Hanoi Honeybee Joint Stock Company*

Date:  June 17, 2025

# Attachment 1

Plaintiffs Counsel Email to Defendant on June 2, 2025

| | |
|---|---|
| **From:** | Jon Freed |
| **To:** | civil.itfoecf@usdoj.gov |
| **Subject:** | CIT Court No. 25-85 - Form 24 Statutory Injunction |
| **Date:** | Monday, June 2, 2025 6:09:00 PM |
| **Attachments:** | 25-00085 BMT AR1 AD-Complaint.pdf |
| | 25-85 - Form 24 continuation Sheet.docx |
| | Form 24-BMT ET AL.pdf |

Dear Attorney in Charge,

On behalf of plaintiffs, I need to file the Form 24 statutory injunction this week.  We filed the complaint today.   Complaint and Form 24 are attached.

We would appreciate confirmation that we can file the Form 24 by Wednesday this week.

Sincerely,

**Jon Freed**

**TRADE PACIFIC PLLC**

700 Pennsylvania Avenue, SE • Suite 500
Washington, DC  20003
Main: 202-223-3760 • Mobile: 202-262-3853
jfreed@tradepacificlaw.com • www.tradepacificlaw.com

**Attachment 2**

Defendant Counsel Email to Plaintiff on June 4, 2025

**From:** Burke, Claudia (CIV)
**To:** Jon Freed
**Cc:** Allenbaugh, Natalee (CIV)
**Subject:** FW: CIT Court No. 25-85 - Form 24 Statutory Injunction
**Date:** Wednesday, June 4, 2025 3:54:40 PM
**Attachments:** 25-00085 BMT AR1 AD-Complaint.pdf
25-85 - Form 24 continuation Sheet.docx
Form 24-BMT ET AL.pdf

Hi Jon,

Your email made its way to me yesterday—I assign trade cases for the National Courts Section here in DC.  Natalee Allenbaugh, copied here, will be handling the case.  On the Form 24, we have two requests:

First, could you add the correction FR citation to the relevant sections in the form itself and the continuation sheet. Specifically, Raw Honey From the Socialist Republic of Vietnam: Final Results of Antidumping Duty Administrative Review; 2021–2023, 90 Fed. Reg. 15553 (April 14, 2025), as corrected in 90 Fed. Reg. 20621 (May 15, 2025).

Second, for "Hanoi Honey Bee Joint Stock Company", the final results included the name with "Honey Bee" separated by a space. However, the draft instead uses "Hanoi *Honeybee* Joint Stock Company." Could you make the form consistent with the final results?

Thanks very much,

Claudia Burke

**From:** Jon Freed <jfreed@tradepacificlaw.com>
**Sent:** Monday, June 2, 2025 6:10 PM
**To:** Itfoecf, Civil (CIV) <CItfoecf@CIV.USDOJ.GOV>
**Subject:** [EXTERNAL] CIT Court No. 25-85 - Form 24 Statutory Injunction

Dear Attorney in Charge,

On behalf of plaintiffs, I need to file the Form 24 statutory injunction this week.  We filed the complaint today.   Complaint and Form 24 are attached.


We would appreciate confirmation that we can file the Form 24 by Wednesday this week.


Sincerely,


**Jon Freed**

**Trade Pacific PLLC**

700 Pennsylvania Avenue, SE • Suite 500

Washington, DC  20003

Main: 202-223-3760 • Mobile: 202-262-3853

jfreed@tradepacificlaw.com • www.tradepacificlaw.com

## Attachment 3

Complaint –  Attached to Emails in Attachment 1 and 2

FORM 3

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| BAN ME THUOT HONEYBEE JSC, ET AL., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | :    Court No.  25-00085 |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs, Ban Me Thuot Honeybee Joint Stock Company, Daklak Honeybee Joint Stock Company, Dak Nguyen Hong Exploitation of Honey Company Limited TA, Daisy Honey Bee Joint Stock Company, Hoa Viet Honeybee One Member Company Limited, and Hanoi Honeybee Joint Stock Company (hereinafter, "Plaintiffs"), by and through their counsel, allege and state as follows:

## JURISDICTION

1.      Plaintiffs bring this action pursuant to, and in accordance with, sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)), contesting certain aspects of the final results issued by the U.S. Department of Commerce ("Commerce") in *Raw Honey From the Socialist Republic of Vietnam: Final Results of Antidumping Duty Administrative Review; 2021-2023*, 90 Fed. Reg. 15,553 (Dep't Commerce Apr. 14, 2025) ("*Final Results*"), as it applies to Plaintiffs.

**Court No. 25-00085**                                                    **Complaint**

This Court has jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

### STANDING

2.     Plaintiffs are foreign producers and exporters of subject merchandise, raw honey, and were mandatory respondents in the administrative review that is contested here.  Therefore, Plaintiffs are interested parties within the meaning of 19 U.S.C. § 1677(9)(A).  Plaintiffs actively participated in the administrative review through the submission of factual information and written arguments and, thus, are "part{ies} to the proceeding" as defined in 19 C.F.R. § 351.102(b)(36).  Accordingly, Plaintiffs have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

### TIMELINESS

3.     The subject *Final Results*, which are being challenged herein, were published in the *Federal Register* on April 14, 2025.  *See Final Results*, 90 Fed. Reg. 15,553 (Dep't Commerce Apr. 14, 2025).  On May 13, 2025, within 30 days after the publication of the subject *Final Results*, Plaintiffs timely filed a Summons to initiate this action.  Accordingly, this action was commenced within the period specified in 19 U.S.C. § 1516a(a)(2)(B)(iii).  This Complaint is being filed within 30 days after the date on which the Summons was filed.  Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(A)(i), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

### STANDARD OF REVIEW

4.     This Court reviews actions concerning determinations issued by Commerce brought under 19 U.S.C. § 1516a(a)(2) to determine whether they are "unsupported by

**Court No. 25-00085**                                                    **Complaint**

substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. §

1516a(b)(1)(B)(i).

## PROCEDURAL HISTORY

5.      On June 10, 2022, Commerce published an antidumping duty order covering raw

honey from the Socialist Republic of Vietnam. *See Raw Honey From Argentina, Brazil, India,*

*and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 87 Fed. Reg. 35,501 (Dep't

Commerce June 10, 2022).

6.      On August 3, 2023, Commerce initiated the first administrative antidumping

review of honey from Vietnam covering the period of review ("POR"), i.e., August 25, 2021,

through May 31, 2023. *See Initiation of Antidumping and Countervailing Duty Administrative*

*Reviews*, 88 Fed. Reg. 51,271 (Dep't Commerce Aug. 3, 2023).

7.      On October 5, 2023, Commerce issued a memorandum stating that it had selected

Ban Me Thout Honeybee Joint Stock Company ("BMT") and Daklak Honeybee Joint Stock

Company ("DakHoney") as mandatory respondents in the first administrative review.

8.      On October 5, 2023, Commerce issued an initial questionnaire to BMT and

DakLak for the first administrative review.

9.      On January 25, 2024, Commerce requested that interested parties submit

surrogate country and surrogate value comments and information.

10.     On January 29, 2024, Commerce issued a memorandum extending the time limit

for preliminary results to until June 28, 2024.

11.     On January 31, 2024, Commerce granted extension of time to submit surrogate

value and rebuttal surrogate value comments.

12.     Plaintiffs and other interested parties timely submitted surrogate value comments by February 9, 2024, for Commerce's consideration.  Subsequently, after another extension of time to submit rebuttal comments on surrogate country and surrogate value information on March 7, 2024, Plaintiffs and interested parties submitted rebuttal surrogate country and surrogate value information by March 15, 2024.

13.     On May 29, 2024, Plaintiffs and interested parties submitted final surrogate value information, 30 days before the scheduled preliminary results in the administrative review under 19 C.F.R. § 351.301(c)(3)(ii) for Commerce's consideration.

14.     On June 10, 2024, Plaintiffs and interested parties submitted Pre-Preliminary Comments.

15.     On June 28, 2024, Commerce issued the surrogate value memorandum, selecting Egypt as the primary surrogate country.  Commerce also determined that Kejriwal Bee Care India Private Limited ("Kejriwal")'s and Brij Honey Private Limited ("Brij")'s financial statements are appropriate for use to calculate financial ratios.

16.     On July 5, 2024, Commerce published the preliminary results of the first administrative review in which it calculated a preliminary antidumping duty margin of 100.54 percent *ad valorem* for BMT, 154.47 percent for DakHoney, 120.92 percent for Separate Rate Companies, and 60.03 percent *ad valorem* for Vietnam-wide Entity.  *See Raw Honey from the Socialist Republic of Vietnam: Preliminary Results of Antidumping Duty Administrative Review; 2021–2023*, 89 Fed. Reg. 55,554 (Dep't Commerce July 5, 2024), and accompanying unpublished Memorandum to Ryan Majerus, Deputy Assistant Secretary for Policy and Negotiations, entitled "Decision Memorandum for the Preliminary Results of Antidumping Duty

Administrative Review:  Raw Honey from the Socialist Republic of Vietnam; 2021-2023,"
(Dep't Commerce June 28, 2024).

17.     Between October and November, Commerce conducted on-site verifications at
BMT and DakHoney in the Socialist Republic of Vietnam, examining support documentations
and speaking to appropriate personnel involved in preparing the record of the proceeding.

18.     In December, Plaintiffs and interested parties, including the American Honey
Producers Association and the Sioux Honey Association ("Petitioners"), submitted case and
rebuttal briefs.  In their case brief, Plaintiffs argued that: (1) Egypt is not a significant producer
of raw honey; (2) Commerce should select Ukraine as the primary surrogate country; (3)
Commerce should use Ukraine government statistics for 2021 to value raw honey even if
Commerce does not select Ukraine as the primary surrogate country; and (4) Commerce should
value drums using the imports into Ukraine.

19.     On December 9, 2024, Commerce tolled by ninety days, until April 7, 2025, the
time by which Commerce had to issue its final results of the administrative review.

20.     On December 19, 2024, and January 10, 2025, Commerce received post-
verification revised U.S. sales and FOP databases from DakHoney and BMT, respectively.

21.     On January 30, 2025, Commerce held a public hearing for this administrative
review.

22.     On April 14, 2025, Commerce issued its *Final Results* in which it calculated a
final weighted-average antidumping duty margin of 100.72 percent *ad valorem* for BMT, and a
156.96 percent dumping margin for DakHoney.  *See Final Results*, 90 Fed. Reg. at 15,553 (Dep't
Commerce Apr. 14, 2025).  As part of its final antidumping duty calculations, Commerce

continued to use Egypt as the primary surrogate country and surrogate value information from Egypt.

23.     The legal bases for Commerce's *Final Results* were set forth in an unpublished Memorandum to Christopher Abbott, Deputy Assistant Secretary for Policy and Negotiations, entitled "Issues and Decision Memorandum for the Final Results of the 2021-2023 Administrative Review of the Antidumping Duty Order on Raw Honey from the Socialist Republic of Vietnam," (Dep't Commerce Apr. 7, 2025).

**ISSUES PRESENTED BY THE ACTION AND
PLAINTIFFS' STATEMENT OF CLAIMS**

24.     In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's *Final Results* of its first antidumping duty administrative review were unsupported by substantial record evidence and/or were otherwise not in accordance with law.

**COUNT ONE**

25.     Paragraphs 1 through 24 are incorporated herein by reference.

26.     Commerce's finding that Egypt is a significant producer of comparable merchandise under 19 U.S.C. §1677b(c)(4)((B)was unsupported by substantial record evidence. Based on the facts of the record, Egypt cannot be considered a significant producer of identical or comparable merchandise.

**COUNT TWO**

27.     Paragraphs 1 through 26 are incorporated herein by reference.

28.     Commerce's selection of Egypt as the primary surrogate country for this administrative review is not supported by substantial evidence. Egypt's surrogate value data is

not contemporaneous, not specific to the inputs or industry, and contains anomalies. By
choosing to select a surrogate data that is not contemporaneous and not specific to the inputs or
industry, Commerce unreasonably and unlawfully introduced distortions and inaccuracies into
the weighted-average antidumping duty calculations thus rendering its decision as lacking a basis
in substantial evidence.

**COUNT THREE**

29.    Paragraphs 1 through 28 are incorporated herein by reference.

30.    Commerce's determination to value honey using the national Egyptian producer
price of raw honey published by the Food and Agriculture Organization of the United Nations
("FAO") for 2019, which is not contemporaneous, not specific, and contains unexplained
anomalies, rendering it unreliable and inferior to the Ukraine surrogate value data on the record,
is not based on substantial evidence or otherwise not in accordance with law.

**COUNT FOUR**

31.    Paragraphs 1 through 30 are incorporated herein by reference.

32.    Commerce erroneously selected GTA import data for Egyptian surrogate values
for drums despite demonstrated anomalies and reliability issues when Ukraine surrogate value
data did not possess these distortions and represented a reliable source of surrogate values.
While this factor weighed in favor of selecting Ukraine as the primary surrogate country,
Commerce's reliance on an Egyptian surrogate value for drums was not supported by substantial
evidence.

**DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF**

33.    For the reasons stated above, Plaintiffs respectfully request that the Court:

(a)    enter judgment in Plaintiffs' favor;

(b)      declare that with respect to the issues raised in this Complaint,

Commerce's determinations and all related findings and conclusions are unsupported by

substantial evidence on the record or are otherwise not in accordance with law;

(c)      remand these matters to Commerce for redetermination consistent with the

Court's opinion, including a recalculation of Plaintiffs' antidumping duty margin; and

(d)      provide such other relief as the Court deems just and proper.


                                             Respectfully submitted,

                                             /s/ Jonathan M. Freed
                                             Jonathan M. Freed
                                             Didie Muller

                                             TRADE PACIFIC PLLC
                                             700 Pennsylvania Avenue, SE, Suite 500
                                             Washington, DC  20003
                                             Tel:  (202) 223-3760
                                             jfreed@tradepacificlaw.com

Dated: June 2, 2025                          *Counsel to Plaintiffs*

Court No. 25-00085                                          **Complaint**

## UNITED STATES COURT OF INTERNATIONAL TRADE

*Ban Me Thuot Honeybee JSC, et al., v. United States,*
**Court No. 25-00085**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 2nd day of June, 2025, copies of the foregoing Complaint were served by certified mail, return receipt requested, on the following parties:

**On behalf of the United States of America:**

Attorney-in-Charge
U.S. DEPARTMENT OF JUSTICE
International Trade Field Office-Civil Division
26 Federal Plaza
Room 346
New York, NY  10278

U.S. DEPARTMENT OF COMMERCE
Office of the Chief Counsel for
Trade Enforcement and Compliance
1401 Constitution Avenue, NW
Room 3629
Washington, DC  20230-0001

<u>/s/ Jonathan M. Freed</u>
Jonathan M. Freed