IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: UNASSIGNED

|  |  |
|---|---|
| BAN ME THOUT HONEYBEE JSC, *et al.*, | ) |
| Plaintiffs, | ) |
|  | ) Court No. 25-00085 |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE DISMISSAL ORDER AND FOR LEAVE TO FILE COMPLAINT OUT OF TIME**

Pursuant to Rule 7(d) of the United States Court of International Trade, defendant, the United States, respectfully responds to the motion to vacate the dismissal order and for leave to file their complaint out of time filed by plaintiffs, Ban Me Thout Honeybee Joint Stock Company, Daklak Honeybee Joint Stock Company, Dak Nguyen Hong Exploitation of Honey Company Limited TA, Daisy Honey Bee Joint Stock Company, Hoa Viet Honeybee One Member Company Limited, and Hanoi Honeybee Joint Stock Company. ECF No. 12. (Pl. Mot.)

Plaintiffs seek relief from the order of dismissal pursuant to Rules 6(b)(1)(B), 60(b)(1), 60(b)(6), and 7(b). As explained below, plaintiffs' motion should be denied because failure to file a complaint within the period prescribed by 19 U.S.C. §1516a is a jurisdictional bar to this litigation, and the Court correctly dismissed this case pursuant to USCIT Rules 41(b)(2) and 82(b)(7).

FACTUAL BACKGROUND

Plaintiffs filed their summons on May 13, 2025.  ECF No. 1.  Plaintiffs conferred with defendant regarding the Form 24[1] Proposed Order for Statutory Injunction Upon Consent, which plaintiffs then filed on June 4, 2025.  ECF No. 8.  The Court entered an Order for Statutory Injunction Upon Consent on June 5, 2025.  ECF No. 10.  Plaintiffs never filed a complaint, so the Clerk of the Court dismissed the case for lack of prosecution pursuant to USCIT Rules 41(b)(2) and 82(b)(7) on June 16, 2025.  ECF No. 11.  Plaintiffs then filed this motion to vacate the dismissal order on June 17, 2025.  ECF No. 12.

ARGUMENT

This Court lacks jurisdiction to hear a case when the complaint is not filed by the statutory deadline.  *See* 28 U.S.C. § 2636(c) (barring a challenge to a reviewable determination in 19 U.S.C. § 1516a unless it is commenced within the time specified in that section); *Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1312 (Fed. Cir. 1986).

Section 2636(c) of Title 28 provides that "{a} civil action contesting a reviewable determination listed in section 516A of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade within the time specified in such section."  USCIT Rule 41(b)(2) instructs that "{a}ctions commenced pursuant to 28 U.S.C. § 1581(c) by the filing of a summons only are subject to dismissal for failure to file a complaint

---

[1] In light of statements made in plaintiffs' motion, defendant wishes to clarify its practice concerning its consent to statutory injunctions.  *See, e.g.*, Pl. Mot. at p. 5 ("Defendant generally does not consent to a statutory injunction until after a complaint has been filed.").  Defendant does not condition its consent to a Form 24 statutory injunction on the filing of the complaint; rather, defendant may use a draft of the complaint to confirm what products are at issue in the pending case.  In fact, plaintiffs may decide to obtain the statutory injunction to prevent entries from liquidating as soon as possible but delay filing the complaint until they are sure that they will pursue the case.  In any event, consenting to the Form 24 statutory injunction should not be construed as evidence of the defendant's state of mind as to whether the complaint was filed, contrary to plaintiffs' suggestion.  *See* Pl. Mot. at p. 6.  The complaint was not on the docket before defendant consented to the Form 24 statutory injunction.

at the expiration of the applicable period of time prescribed by 19 U.S.C. § 1516a." That statute, in relevant part, requires a party to commence an action "by filing a summons, and within thirty days thereafter a complaint . . . ." USCIT Rule 82(b)(7) allows the Clerk of Court to sign "{o}rders of dismissal for failure to file a complaint as prescribed by Rule 41(b)(2)" without submission to the Court. Under these rules, the Clerk of Court dismissed the present case because no complaint was filed within thirty days of the filing of the summons.

*Georgetown Steel*, binding precedent, aptly illustrates that this Court's actions in dismissing this case were lawful. There, the plaintiff "followed the bifurcated procedure for appealing to the Court of International Trade . . . of first filing a summons and then a complaint." *Georgetown Steel*, 801 F.2d at 1311. After timely filing the summons by mail, the plaintiff mailed the complaint to the Clerk of the Court within 30 days of filing the summons. *Id*. However, the plaintiff failed to attach sufficient postage, so the Postal Service returned the complaint. Upon receipt of the returned complaint, the plaintiff remailed that same day the complaint with a motion to for leave to file the complaint out of time. *Id*. The Court of International Trade granted that opposed motion. *Id.* On appeal, the Court of Appeals for the Federal Circuit held that the Court of International Trade lacked jurisdiction over the case because the complaint was not timely filed. *Id.* at 1309-10. It reasoned that 19 U.S.C. § 1516a(a)(2)(A) "imposes two requirements for commencing an action in the Court of International Trade challenging a negative countervailing duty determination," and "requires both steps and imposes precise time limits within which each step must be taken." *Id.* at 1311. While the strict approach of *Georgetown Steel* has been questioned in subsequent Court of International Trade cases, *see, e.g.*, *Içdas Çelik Enerji Tersane v. Ulasim Sanayi, A.S.*, 106 F. Supp. 3d 1328, 1336 (Ct. Int'l Trade 2015), and *Arlanxeo USA LLC v. United States*, 337 F.

Supp. 3d 1350, 1355 (Ct. Int'l Trade 2018), *Georgetown Steel* remains binding Federal Circuit precedent.  *See*, *e.g.*, <u>Bioparques de Occidente, S.A. de C.V. v. United States</u>, 31 F.4th 1336, 1346 (Fed. Cir. 2022) ("And it sets timing rules—which are generally jurisdiction-limiting—governing when challenges may be brought. *See* 28 U.S.C. § 2636(c) (barring a challenge to a reviewable determination in 19 U.S.C. § 1516a unless it is commenced within the time specified in that section); *Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1312 (Fed. Cir. 1986) (determining that the Trade Court lacked jurisdiction where the complaint was not timely filed under 19 U.S.C. § 1516a)"); <u>Zhaoqing Tifo New Fibre Co. v. United States</u>, 355 F. Supp. 3d 1285, 1300 (Ct. Int'l Trade 2018), <u>judgment entered,</u> 359 F. Supp. 3d 1384 (Ct. Int'l Trade 2019) (citing *Georgetown Steel* in stating, "{i}ssues that are not the subject of a timely-filed complaint cannot, as a general rule, be entertained by the court.").  *Georgetown Steel* requires that the case be dismissed because no complaint was timely filed.

As in *Georgetown Steel*, plaintiffs here seem to assert that they attempted[2] to file their complaint within the statutory time period.  But as in *Georgetown Steel*, an attempt to file does not save them from the jurisdictional consequences of their failure to file.  Further, contrary plaintiffs' attempt to aggregate the time allotted to each step to extend their deadline, ECF No. 12 at 6, the Federal Circuit found that because "Georgetown Steel did not file its complaint within 30 days after filing the summons, it is immaterial whether it filed its complaint within 60 days of the publication of the Administration's determination." *Id.* at 1313.

---

[2] It is unclear from plaintiffs' motion whether they forgot to file or neglected in some other way to complete their filing.  *See, e.g.* ECF 12 at 3 (". . . Plaintiff believed that it did file the complaint as evidence above.  Yet, the docket for this action does not contain the complaint.").  Defendant does not read their motion as asserting that there was some technical problem with the Court's filing system that prevented the filing.

Further, defendant's receipt of the unfiled complaint is immaterial to when (or whether) the complaint was filed. According to USCIT Rule 5(d)(4), "{f}iling is completed when received, except that a paper mailed by certified or registered mail properly addressed to the clerk of the court, with the proper postage affixed and return receipt requested, will be filed as of the date of mailing." Here, the filing would have been complete when the Court received the complaint through docketing on the CM/ECF system. The Court was not in receipt of the complaint by the jurisdictional deadline, therefore, the case must be dismissed.

Finally, the Rules of the Court of International Trade regarding relief from a Court order for mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief, Rules 60(b)(1) and 60(b)(6), upon which plaintiffs rely do not supplant the statutory jurisdictional bar to this litigation. The same is true regarding an extension of time under Rule 6(b)(1)(B) for excusable neglect. As stated above, 28 U.S.C. § 2636(c) and 19 U.S.C. § 1516a establish a jurisdictional timeline which must be adhered to by statute. "The Court of International Trade cannot by rule modify a requirement Congress has imposed." *Georgetown Steel*, 801 F.2d at 1313.

## CONCLUSION

For these reasons, we respectfully request that the Court deny plaintiffs' motion to vacate the order of dismissal.

    Respectfully submitted,

    BRETT A. SHUMATE
    Assistant Attorney General

    PATRICIA M. McCARTHY
    Director

OF COUNSEL:
JonZachary Forbes
Senior Attorney
U.S. Department of Commerce
Office of the Chief Counsel for
Trade Enforcement & Compliance
Washington, DC 20230

July 22, 2025

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

/s/ Natalee A. Allenbaugh
NATALEE A. ALLENBAUGH
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Tel: (202) 507-6058
E-mail: natalee.allenbaugh@usdoj.gov

*Attorneys for Defendant United States*

### IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: UNASSIGNED**

|  |  |
|---|---|
| BAN ME THOUT HONEYBEE JSC, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Court No. 25-00085 |
| UNITED STATES, | ) |
| Defendant. | ) |

### **ORDER**

Upon consideration of the motion to vacate the dismissal order filed by plaintiffs, all responses thereto, and other pertinent papers, it is hereby

ORDERED that the motion is DENIED.

Dated: _____, 2025           _____
New York, NY                                                JUDGE