UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| BAN ME THUOT HONEYBEE JSC, ET. AL., | ) | |
| Plaintiff, | ) | |
| BAO NGUYEN HONEYBEE CO, LTD, ET. AL., | ) | |
| Proposed Plaintiff-Intervenors, | ) | Before: Richard K. Eaton |
| v. | ) | Senior Judge |
| UNITED STATES, | ) | Court No. 25-00085 |
| Defendant. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S REPONSE TO MOTION FOR LEAVE TO FILE COMPLAINT OUT OF TIME AND TO VACATE DISMISSAL ORDER**

Pursuant U.S. Court of International Trade ("CIT") Rule 7(d), Ban Me Thuot Honeybee Joint Stock Company, Daklak Honeybee Joint Stock Company, Dak Nguyen Hong Exploitation of Honey Company Limited TA, Daisy Honey Bee Joint Stock Company, Hoa Viet Honeybee One Member Company Limited, and Hanoi Honeybee Joint Stock Company (hereinafter, "Plaintiffs") respectfully replies to Defendant's response to Plaintiffs' motion for leave to file complaint out of time and to vacate the dismissal order. ECF No. 20 (Defendant's Response).

FACTUAL BACKGROUND

Plaintiffs already describe the relevant facts regarding their motion for leave to file complaint out of time and to vacate the dismissal order. ECF No. 12., June 17, 2025 (Pl. Mot.) The Defendant also summarized the relevant facts. ECF No. 20 (Defendant's Response).

ARGUMENT

The Defendant's response contends that this Court lacks jurisdiction to hear a case

Court No. 25-00085                                                                                              Reply

when the complaint was not filed by the applicable deadline. Defendant's Response, at 2, citing, 28 U.S.C. § 2636(c) and 19 U.S.C. § 1516a. Defendant's interpretation of these statutory provisions relies on a single Federal Circuit case from nearly four decades ago. Id., citing, Georgetown Steel Corp. v. United States, 801 F.2d 1308, 1312 (Fed. Cir. 1986). Defendant acknowledges that this Court has not adhered to the strict interpretation in Georgetown in other cases. Id., at 3-5, citing, Içdas Çelik Enerji Tersane v. Ulasim Sanayi, A.S., 106 F. Supp. 3d 1328, 1336 (Ct. Int'l Trade 2015), and Arlanxeo USA LLC v. United States, 337 F. Supp. 3d 1350, 1355 (Ct. Int'l Trade 2018). Nevertherless, the Defendant contends that Georgetown binds this Court and precludes it from exercising its equitable powers in this instance. It does not.

    A line of subsequent Supreme Court decisions supplants the Federal Circuit's rationale in Georgetown. The Supreme Court has clarified that the courts will "treat a procedural requirement as jurisdictional only if Congress 'clearly states' that it is." Wilkins v. United States, 598 U.S. 152, 157, 143 S. Ct. 870, 876, (2023), citing, Boechler v. Commissioner, 596 U. S. 199, 203, 142 S.Ct. 1493, 1497, 212 L.Ed.2d 524 (2022) (quoting, Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S.Ct. 1235, (2006), see also, United States v. Kwai Fun Wong, 575 U.S. 402, 409, 135 S.Ct. 1625, 1632, (2015) (stating, "we have repeatedly held that procedural rules, including time bars, cabin a court's power only if Congress has "clearly state[d]" as much." (*internal citations omitted*).

    Twenty years after Georgetown, the Supreme Court held that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Arbaugh, 546 U.S. at 516, 126 S.Ct. at 1245. The question in Arbaugh was whether the numerical qualification contained in the definition of "employer" in Title VII of the Civil Rights Act of 1964 affects federal-court subject-matter jurisdiction or,

instead, delineates a substantive ingredient of a Title VII claim for relief.  Id., 546 U.S. at 503, 126 S.Ct. at 1238.  While the issue in Arbaugh was not a question relating to statutorily designated time limits, the Supreme Court commenced the rationale for its holding observing that the courts have been imprecise with the term "jurisdiction" and identified "nonextendable time limits" as an example noting "we have clarified that time prescriptions, however emphatic, 'are not properly typed 'jurisdictional.'" Id., 546 U.S. at 510, 126 S.Ct. at 1242, citing Scarborough v. Principi, 541 U.S. 401, 414, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004).

Seven years after Arbaugh, the Supreme Court, relying on the Arbaugh decision, explained that "we have adopted a 'readily administrable bright line' for determining whether to classify a statutory limitation as jurisdictional, which is to "inquire whether Congress has 'clearly state[d]' that the rule is jurisdictional; absent such a clear statement, we have cautioned, 'courts should treat the restriction as nonjurisdictional in character.'" Sebelius v. Auburn Regional Medical Center, 568 U.S. 145, 153-154, 133 S.Ct. 817, 824, (2013), citing, Arbaugh, 546 U.S., at 515-516, 126 S.Ct. 1235.

Two years later, the Supreme Court applied again the "clear statement rule" to examine whether procedural bars, including time bars, included in a statute are jurisdictional or nonjurisdictional, and noted that "we have repeatedly held that procedural rules, including time bars, cabin a court's power only if Congress has "clearly state[d]" as much" have concluded that "most time bars are nonjurisdictional." Wong, 575 U.S. at 409-410, 135 S.Ct. at 1632, citing e.g., Auburn, 568 U.S. at 154, 133 S.Ct. at 825.

Applying the "clear statement rule", this Court has already considered whether time limits in 28 U.S.C. § 2636(c) and 19 U.S.C. § 1516a are relevant to the jurisdiction of this Court and concluded that they are not.  In Icdas, the Court concluded that the "text and context of 28 U.S.C. § 2636(c) and 19 U.S.C. § 1516a(a)(2) indicate that the time period is not

**Court No. 25-00085**                                                                                                          **Reply**

jurisdictional. Neither provision mentions the word "jurisdiction" or otherwise speaks in jurisdictional terms." Icdas, 106 F. Supp. 3d at 1334 (2015).

The Icdas court examined the context of the statutory provision noting,

> § 2636 is located in Chapter 169 of Title 28, United States Code, which is entitled "Court of International Trade Procedure." Congress separated 28 U.S.C. § 2636(c) and 19 U.S.C. § 1516a(a)(2) from this Court's jurisdictional grant in 28 U.S.C. § 1581, indicating an intent to distinguish the 30–day time period from this Court's subject matter jurisdiction. See 28 U.S.C. §§ 1581, 2636; Wong, 135 S.Ct. at 1633 (noting that the Supreme Court "has often explained that Congress's separation of a filing deadline from a jurisdictional grant indicates that the time bar is not jurisdictional").

Id.

The Icdas case does not stand alone. In another case wherein Defendant asserted that 28 U.S.C. § 2636(c) and 19 U.S.C. § 1516a are relevant to the jurisdiction of this Court, this Court concluded "that the time limits in 19 U.S.C. § 1516a are nonjurisdictional in nature based on an analysis of the text, context, and historical treatment of the statute." Arlanxeo, 337 F. Supp. 3d at 1355 (2018).

Thus, Defendant's reliance on its jurisdictional challenge must fail. The Icdas court confirmed this point stating, the "hard reality here is that Wong has extended Arbaugh and its progeny to effectively supplant the Federal Circuit's rationale in Georgetown. Icdas, 106 F. Supp. 3d at 1336.

The soundness of this Court's application of the Wong and Arbaugh decisions in Icdas and Arlanxeo is evident by the Supreme Court's continued adherence to the clear statement rule framework for evaluating whether statutory constraints are jurisdictional. See e.g., Wilkins, 598 U.S. at 157, 143 S. Ct. at 876 (2023), see also, Boechler, 596 U. S. at 203, 142 S.Ct. at 1497 (2022), see also, Harrow v. Department of Defense, 601 U.S. 480, 485, 144 S.Ct. 1178, 1183, (2024). In Harrow, the Supreme Court followed Arbaugh and its progeny in use of the

clear statement rule and reaffirmed that statutory time bars are not jurisdictional unless "Congress meant to give the time bar jurisdictional consequence." Harrow, 601 U.S. at 485, 144 S.Ct. at 1183 (2024).

Finally, the Defendant cited two cases to support its contention that Georgetown remains binding precedent, but neither supports this position. One was a Federal Circuit case and the other a decision by this Court that referenced Georgetown in *dicta*. See Bioparques de Occidente, S.A. de C.V. v. United States, 31 F.4th 1336, 1346 (Fed. Cir. 2022), and Zhaoqing Tifo New Fibre Co. v. United States, 355 F. Supp. 3d 1285, 1300 (Ct. Int'l Trade 2018). Both cases mention Georgetown only once, and in both cases the court's description of the holding in Georgetown is conditioned by some form of the word "general" (Section 516A "sets timing rules – which are *generally* jurisdiction-limiting – governing when challenges may be brought," Bioparques, 31 F.4th at 1346 (emphasis added); "Issues that are not the subject of a timely-filed complaint cannot, as a *general* rule, be entertained by the court," Zhaoqing, 355 F. Supp. 3d at 1300 (emphasis added)). Neither of those cases relied on Georgetown in their holdings and neither confronted the Supreme Court's decisions in Harrow, Wilkins, Boechler, Wong, Auburn, and Arbaugh.

Defendant's Response to Plaintiff's motion to vacate the dismissal order relies solely on their argument that time limits in 28 U.S.C. § 2636(c) and 19 U.S.C. § 1516a are relevant to the jurisdiction of this Court. The Supreme Court decisions discussed above squarely defeat this argument. This Court properly applied the clear statement rule in Icdas (2015) and Arlanxeo (2018) that the text and context of 28 U.S.C. § 2636(c) and 19 U.S.C. § 1516a(a)(2) indicate that the time period constraints therein are not jurisdictional.

Resting solely on a jurisdictional argument, the Defendant's Response does not address Plaintiffs' arguments addressing when USCIT Rule 60(b)(1) and (6) permit the court to relieve

**Court No. 25-00085**                                                    **Reply**

a party from an order for mistake, inadvertence, surprise, or excusable neglect or any other reason that justifies relief.

Rule 60(c) requires that the motion under Rule 60(b) must be made within a reasonable time, and when based upon Rule 60(b)(1), not more than one year after the judgment, order, or proceeding was entered or taken. Here, Plaintiffs made their 60(b)(1) motion within one day of the order of dismissal. See ECF No. 12., June 17, 2025 (Pl. Mot.) Thus, the motion was filed within a reasonable time.

Similarly, Defendant's Response did not address the facts and explanations Plaintiffs provided with regard to the whether excusable neglect in this instance warrants this Court's use of its equitable powers by considering: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." See Aspects Furniture International Inc. v. United States, 469 F.Supp.3d 1359, 1364-65, citing, United States v. Horizon Prods. Int'l, Inc, 34 F. Supp. 3d at 1367 (CIT 2014) (citing Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 392, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) ("Pioneer"). The determination of what types of mistakes are excusable is an equitable one and takes into account all relevant circumstances surrounding the party's omission including all four factors. See Changzhou Hawd Flooring Co., Ltd. v. United States, 986 F.Supp.2d 1372, 1378-79 (CIT 2016) ("Changzhou Flooring") citing, Pioneer, 507 U.S. at 395, 113 S.Ct. 1498.

First, the Defendant did not identify any prejudice it suffered in this instance due to the absence of the complaint on the court's docket. Considering the facts in this instance where the Defendant possessed a copy of the complaint on June 2, 2025, approximately ten days before the deadline under the Court's rules, Defendant suffered no prejudice. See ECF No. 12., Pl.

**Court No. 25-00085** **Reply**

Mot., at 4-6 and Attachment 1-2. Thus, there is no risk of prejudice to the opposing party if this motion is granted.

Second, Plaintiffs established that the late filing in this instance caused only inappreciable delay in the administration of the case considering that the Court had already granted the Form 24 statutory injunction preventing liquidation of entries exported by Plaintiffs and the complaint was filed only a few days after the applicable deadline. Id., at 6-7. Defendant's Response did not challenge Plaintiffs' contention that the length of the delay does not impact the judicial proceeding.

Third, counsel acted in good faith. To aid progress in the judicial proceeding, Plaintiffs' counsel immediately served Defendant's counsel with the complaint once counsel believed it was filed and did not delay in seeking Defendant's counsel's consent to the Form 24 statutory injunction before the Court granted the Form 24. Id. The email communications with counsel for Defendant demonstrated Plaintiffs' intentions to prosecute this action and to reduce delays in the judicial proceeding. Id., at 7. Moreover, on June 16, 2025, within hours of becoming aware of the problem, counsel contacted Defendant expressing Plaintiff's intention to file the motion to vacate the dismissal. Id. Defendant's Response does not dispute that Plaintiffs' counsel took all steps within counsel's control to minimize potential delay by taking steps to correct the mistake immediately upon learning of the mistake. Id.

Finally, the reason for the delay, the mistaken belief by Plaintiffs' counsel that the complaint was filed, is a unique situation. The Court's use of its equitable powers in this instance has no potential to condone inattentiveness. As the facts described in Plaintiffs' Motion establish, counsel believed, albeit mistakenly, that the complaint was filed. See Pl. Mot., at 2-4. No advantage could be gained by future counsel intentionally retaking the steps that unfolded in this instance. Certainly, no advantage was gained here. The mistake is clearly

**Court No. 25-00085** Reply

regrettable, but it is excusable for the reasons described above and provided in Plaintiffs' Motion.

Considering all factors discussed above, the equitable considerations weigh heavily in favor of restoring Plaintiffs' opportunity to pursue a just outcome in this case. The absence of any prejudice to the Defendant or any appreciable delay to the proceeding, the good faith efforts by Plaintiffs to prosecute this case, and the unique circumstance where the complaint, although not on the docket, was believed to be filed and Defendant was served the complaint all weigh in favor of granting Plaintiffs' Motion.

Therefore, we respectfully request that the Court grant Plaintiffs' motion to vacate the dismissal order and deem the complaint included at Attachment 3 of Plaintiffs' Motion to vacate the dismissal as filed.

Respectfully submitted,

/s/ Jonathan M. Freed

Jonathan M. Freed
TRADE PACIFIC PLLC
700 Pennsylvania Avenue SE
Suite 500
Washington, DC  20003
(202) 223-3760

Counsel to Plaintiffs
*Ban Me Thuot Honeybee Joint Stock Company, Daklak Honeybee Joint Stock Company, Dak Nguyen Hong Exploitation of Honey Company Limited TA, Daisy Honey Bee Joint Stock Company, Hoa Viet Honeybee One Member Company Limited, and Hanoi Honeybee Joint Stock Company*

Date:  August 12, 2025