FORM 3

**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| BAN ME THUOT HONEYBEE JSC, ET AL., | : |
| Plaintiffs, | : |
| v. | : Court No. 25-00085 |
| UNITED STATES, | : |
| Defendant. | : |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs, Ban Me Thuot Honeybee Joint Stock Company, Daklak Honeybee Joint Stock Company, Dak Nguyen Hong Exploitation of Honey Company Limited TA, Daisy Honey Bee Joint Stock Company, Hoa Viet Honeybee One Member Company Limited, and Hanoi Honeybee Joint Stock Company (hereinafter, "Plaintiffs"), by and through their counsel, allege and state as follows:

### JURISDICTION

1. Plaintiffs bring this action pursuant to, and in accordance with, sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)), contesting certain aspects of the final results issued by the U.S. Department of Commerce ("Commerce") in *Raw Honey From the Socialist Republic of Vietnam: Final Results of Antidumping Duty Administrative Review; 2021-2023*, 90 Fed. Reg. 15,553 (Dep't Commerce Apr. 14, 2025) ("*Final Results*"), as it applies to Plaintiffs.

This Court has jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

2.  Plaintiffs are foreign producers and exporters of subject merchandise, raw honey, and were mandatory respondents in the administrative review that is contested here. Therefore, Plaintiffs are interested parties within the meaning of 19 U.S.C. § 1677(9)(A). Plaintiffs actively participated in the administrative review through the submission of factual information and written arguments and, thus, are "part{ies} to the proceeding" as defined in 19 C.F.R. § 351.102(b)(36). Accordingly, Plaintiffs have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

3.  The subject *Final Results*, which are being challenged herein, were published in the *Federal Register* on April 14, 2025. *See Final Results*, 90 Fed. Reg. 15,553 (Dep't Commerce Apr. 14, 2025). On May 13, 2025, within 30 days after the publication of the subject *Final Results*, Plaintiffs timely filed a Summons to initiate this action. Accordingly, this action was commenced within the period specified in 19 U.S.C. § 1516a(a)(2)(B)(iii). This Complaint is being filed within 30 days after the date on which the Summons was filed. Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(A)(i), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

## STANDARD OF REVIEW

4.  This Court reviews actions concerning determinations issued by Commerce brought under 19 U.S.C. § 1516a(a)(2) to determine whether they are "unsupported by

substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## PROCEDURAL HISTORY

5. On June 10, 2022, Commerce published an antidumping duty order covering raw honey from the Socialist Republic of Vietnam. *See Raw Honey From Argentina, Brazil, India, and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 87 Fed. Reg. 35,501 (Dep't Commerce June 10, 2022).

6. On August 3, 2023, Commerce initiated the first administrative antidumping review of honey from Vietnam covering the period of review ("POR"), i.e., August 25, 2021, through May 31, 2023. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 51,271 (Dep't Commerce Aug. 3, 2023).

7. On October 5, 2023, Commerce issued a memorandum stating that it had selected Ban Me Thout Honeybee Joint Stock Company ("BMT") and Daklak Honeybee Joint Stock Company ("DakHoney") as mandatory respondents in the first administrative review.

8. On October 5, 2023, Commerce issued an initial questionnaire to BMT and DakLak for the first administrative review.

9. On January 25, 2024, Commerce requested that interested parties submit surrogate country and surrogate value comments and information.

10. On January 29, 2024, Commerce issued a memorandum extending the time limit for preliminary results to until June 28, 2024.

11. On January 31, 2024, Commerce granted extension of time to submit surrogate value and rebuttal surrogate value comments.

12.     Plaintiffs and other interested parties timely submitted surrogate value comments by February 9, 2024, for Commerce's consideration. Subsequently, after another extension of time to submit rebuttal comments on surrogate country and surrogate value information on March 7, 2024, Plaintiffs and interested parties submitted rebuttal surrogate country and surrogate value information by March 15, 2024.

13.     On May 29, 2024, Plaintiffs and interested parties submitted final surrogate value information, 30 days before the scheduled preliminary results in the administrative review under 19 C.F.R. § 351.301(c)(3)(ii) for Commerce's consideration.

14.     On June 10, 2024, Plaintiffs and interested parties submitted Pre-Preliminary Comments.

15.     On June 28, 2024, Commerce issued the surrogate value memorandum, selecting Egypt as the primary surrogate country. Commerce also determined that Kejriwal Bee Care India Private Limited ("Kejriwal")'s and Brij Honey Private Limited ("Brij")'s financial statements are appropriate for use to calculate financial ratios.

16.     On July 5, 2024, Commerce published the preliminary results of the first administrative review in which it calculated a preliminary antidumping duty margin of 100.54 percent *ad valorem* for BMT, 154.47 percent for DakHoney, 120.92 percent for Separate Rate Companies, and 60.03 percent *ad valorem* for Vietnam-wide Entity. *See Raw Honey from the Socialist Republic of Vietnam: Preliminary Results of Antidumping Duty Administrative Review; 2021–2023*, 89 Fed. Reg. 55,554 (Dep't Commerce July 5, 2024), and accompanying unpublished Memorandum to Ryan Majerus, Deputy Assistant Secretary for Policy and Negotiations, entitled "Decision Memorandum for the Preliminary Results of Antidumping Duty

Administrative Review: Raw Honey from the Socialist Republic of Vietnam; 2021-2023," (Dep't Commerce June 28, 2024).

17. Between October and November, Commerce conducted on-site verifications at BMT and DakHoney in the Socialist Republic of Vietnam, examining support documentations and speaking to appropriate personnel involved in preparing the record of the proceeding.

18. In December, Plaintiffs and interested parties, including the American Honey Producers Association and the Sioux Honey Association ("Petitioners"), submitted case and rebuttal briefs. In their case brief, Plaintiffs argued that: (1) Egypt is not a significant producer of raw honey; (2) Commerce should select Ukraine as the primary surrogate country; (3) Commerce should use Ukraine government statistics for 2021 to value raw honey even if Commerce does not select Ukraine as the primary surrogate country; and (4) Commerce should value drums using the imports into Ukraine.

19. On December 9, 2024, Commerce tolled by ninety days, until April 7, 2025, the time by which Commerce had to issue its final results of the administrative review.

20. On December 19, 2024, and January 10, 2025, Commerce received post-verification revised U.S. sales and FOP databases from DakHoney and BMT, respectively.

21. On January 30, 2025, Commerce held a public hearing for this administrative review.

22. On April 14, 2025, Commerce issued its *Final Results* in which it calculated a final weighted-average antidumping duty margin of 100.72 percent *ad valorem* for BMT, and a 156.96 percent dumping margin for DakHoney. *See Final Results*, 90 Fed. Reg. at 15,553 (Dep't Commerce Apr. 14, 2025). As part of its final antidumping duty calculations, Commerce

continued to use Egypt as the primary surrogate country and surrogate value information from Egypt.

23. The legal bases for Commerce's *Final Results* were set forth in an unpublished Memorandum to Christopher Abbott, Deputy Assistant Secretary for Policy and Negotiations, entitled "Issues and Decision Memorandum for the Final Results of the 2021-2023 Administrative Review of the Antidumping Duty Order on Raw Honey from the Socialist Republic of Vietnam," (Dep't Commerce Apr. 7, 2025).

## ISSUES PRESENTED BY THE ACTION AND PLAINTIFFS' STATEMENT OF CLAIMS

24. In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's *Final Results* of its first antidumping duty administrative review were unsupported by substantial record evidence and/or were otherwise not in accordance with law.

## COUNT ONE

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. Commerce's finding that Egypt is a significant producer of comparable merchandise under 19 U.S.C. §1677b(c)(4)((B) was unsupported by substantial record evidence. Based on the facts of the record, Egypt cannot be considered a significant producer of identical or comparable merchandise.

## COUNT TWO

27. Paragraphs 1 through 26 are incorporated herein by reference.

28. Commerce's selection of Egypt as the primary surrogate country for this administrative review is not supported by substantial evidence. Egypt's surrogate value data is

not contemporaneous, not specific to the inputs or industry, and contains anomalies. By choosing to select a surrogate data that is not contemporaneous and not specific to the inputs or industry, Commerce unreasonably and unlawfully introduced distortions and inaccuracies into the weighted-average antidumping duty calculations thus rendering its decision as lacking a basis in substantial evidence.

**COUNT THREE**

29.  Paragraphs 1 through 28 are incorporated herein by reference.

30.  Commerce's determination to value honey using the national Egyptian producer price of raw honey published by the Food and Agriculture Organization of the United Nations ("FAO") for 2019, which is not contemporaneous, not specific, and contains unexplained anomalies, rendering it unreliable and inferior to the Ukraine surrogate value data on the record, is not based on substantial evidence or otherwise not in accordance with law.

**COUNT FOUR**

31.  Paragraphs 1 through 30 are incorporated herein by reference.

32.  Commerce erroneously selected GTA import data for Egyptian surrogate values for drums despite demonstrated anomalies and reliability issues when Ukraine surrogate value data did not possess these distortions and represented a reliable source of surrogate values. While this factor weighed in favor of selecting Ukraine as the primary surrogate country, Commerce's reliance on an Egyptian surrogate value for drums was not supported by substantial evidence.

**DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF**

33.  For the reasons stated above, Plaintiffs respectfully request that the Court:

(a)  enter judgment in Plaintiffs' favor;

**Court No. 25-00085**                                                                                              **Complaint**

      (b)    declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

      (c)    remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of Plaintiffs' antidumping duty margin; and

      (d)    provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jonathan M. Freed
Jonathan M. Freed
Didie Muller

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC 20003
Tel: (202) 223-3760
jfreed@tradepacificlaw.com

Dated: June 2, 2025                                   *Counsel to Plaintiffs*

**Court No. 25-00085** **Complaint**

## UNITED STATES COURT OF INTERNATIONAL TRADE

*Ban Me Thuot Honeybee JSC, et al., v. United States,*
**Court No. 25-00085**

### CERTIFICATE OF SERVICE

    I hereby certify that on this 2nd day of June, 2025, copies of the foregoing Complaint were served by certified mail, return receipt requested, on the following parties:

**On behalf of the United States of America:**

| | |
|---|---|
| Attorney-in-Charge<br>U.S. DEPARTMENT OF JUSTICE<br>International Trade Field Office-Civil Division<br>26 Federal Plaza<br>Room 346<br>New York, NY  10278 | U.S. DEPARTMENT OF COMMERCE<br>Office of the Chief Counsel for<br>Trade Enforcement and Compliance<br>1401 Constitution Avenue, NW<br>Room 3629<br>Washington, DC  20230-0001 |

                                         /s/ Jonathan M. Freed
                                         Jonathan M. Freed