Slip Op. 25-144

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BAN ME THUOT HONEYBEE JSC, ET AL., <br><br> Plaintiffs, <br><br> and <br><br> BAO NGUYEN HONEYBEE CO., LTD., ET AL., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> AMERICAN HONEY PRODUCERS ASSOCIATION, <br><br> Defendant-Intervenor. | Before: Richard K. Eaton, Judge <br><br> Court No. 25-00085 |

**OPINION**

[Explaining the reasons for the court's order of August 15, 2025, which vacated the Clerk's Office's dismissal of this case and granted Plaintiffs' request for leave to file their complaint out of time.]

Dated: November 12, 2025

*Jonathan M. Freed* and *Didie Muller*, Trade Pacific PLLC, of Washington, D.C., for Plaintiffs Ban Me Thuot Honeybee JSC, Daklak Honeybee Joint Stock Company, Dak Nguyen Hong Exploitation of Honey Company Limited TA, Daisy Honey Bee Joint Stock Company, Hoa Viet Honeybee One Member Company Limited, and Hanoi Honeybee Joint Stock Company.

*Natalee A. Allenbaugh*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant the United States. With her on the brief were *Brett A. Shumate*, Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Tara K. Hogan*, Assistant Director. Of Counsel was *JonZachary Forbes*, Senior Attorney, Office of the

Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, D.C.

Eaton, Judge: This action was dismissed by the Clerk's Office for failure to prosecute on June 16, 2025. The next day, Plaintiffs[1] moved to vacate the dismissal. *See* Pls.' Mot. Leave File Compl. Out of Time and Vacate Dismissal Order at 1, ECF No. 12 ("Pls.' Mot."). The court granted Plaintiffs' motion and vacated the dismissal over the opposition of Defendant the United States ("Defendant" or "the Government"). Order (Aug. 15, 2025), ECF No. 24. The order vacating the dismissal stated that "[a] separate order [would] follow containing the court's reasoning." *Id.* Here, the court sets out its reasons for vacating the dismissal and granting Plaintiffs' request for leave to file their complaint out of time.

## BACKGROUND

This action involves a challenge to the final results of the U.S. Department of Commerce's ("Commerce") 2021-2023 administrative review of the antidumping duty order on raw honey from the Socialist Republic of Vietnam. *See Raw Honey From the Socialist Republic of Vietnam: Final Results of Antidumping Duty Administrative Review; 2021-2023*, 90 Fed. Reg. 15,553 (Dep't of

---

[1] Plaintiffs are Ban Me Thuot Honeybee JSC, Daklak Honeybee Joint Stock Company, Dak Nguyen Hong Exploitation of Honey Company Limited TA, Daisy Honey Bee Joint Stock Company, Hoa Viet Honeybee One Member Company Limited, and Hanoi Honeybee Joint Stock Company (collectively, "Plaintiffs").

The intervenors joined this case after the court vacated the Clerk's Office's dismissal, and, thus, did not participate in the briefing of the motion to vacate. Plaintiff-Intervenors are Bao Nguyen Honeybee Co., Ltd.; Dongnai Honey Bee Corp.; Huong Rung Trading-Investment and Export Company Limited; Hoang Tri Honey Bee Co., Ltd.; Nhieu Loc Company Limited; Southern Honey Bee Co., Ltd.; Thanh Hao Bees Co., Ltd.; Viet Thanh Food Co., Ltd.; and Spring Honeybee Co. Ltd. Defendant-Intervenor is the American Honey Producers Association.

Commerce Apr. 14, 2025). Commerce's final results were published in the Federal Register on April 14, 2025.

As required by 19 U.S.C. § 1516a(a)(2)(A), Plaintiffs timely filed a summons on May 13, 2025—i.e., within thirty days of the final results' date of publication. Summons, ECF No. 1. Further pursuant to 19 U.S.C. § 1516a(a)(2)(A), Plaintiffs' complaint was due within 30 days thereafter, or by June 12, 2025.

On June 2, 2025, Plaintiffs' counsel sent an email to Defendant that said, "We filed the complaint *today*." Pls.' Mot. at 2 (emphasis added). Although counsel apparently believed otherwise, in fact no complaint had been filed. *Id.* at 2, 4 (stating Plaintiffs' counsel "believed that the complaint had been filed to the Court" via CM/ECF).

In the June 2, 2025, email, Plaintiffs also asked for Defendant's consent to a Form 24 statutory injunction. *Id.* at 2. On June 4, 2025, Defendant responded to the email, proposing changes to the Form 24. *Id.*

On June 4, 2025, Plaintiffs filed, via CM/ECF, their Proposed Form 24 Order for Statutory Injunction Upon Consent, which incorporated Defendant's proposed changes. *See* Proposed Form 24 Order for Statutory Injunction Upon Consent, ECF No. 8.

On June 5, 2025, the Court granted the injunction. *See* Form 24 Order For Statutory Injunction Upon Consent (June 5, 2025), ECF No. 10.

The June 12, 2025, statutory deadline to file the complaint came and went, and no complaint was filed.

On June 16, 2025, the Clerk's Office dismissed Plaintiffs' case for lack of prosecution. Order of Dismissal (June 16, 2025), ECF No. 11. The Order of Dismissal read: "Upon consideration of all papers filed in this action, and the plaintiff[s'] failure to file a complaint within

the period prescribed by 19 U.S.C. § 1516a, it is hereby ordered that this action is dismissed for lack of prosecution pursuant to USCIT Rules 41(b)(2) and 82(b)(7)." *Id.*

On June 17, 2025, Plaintiffs moved, pursuant to Rules 6 and 60,[2] to vacate the Order of Dismissal and for leave to file their complaint out of time. Pls.' Mot. at 1. Defendant opposed Plaintiffs' motion on the grounds that Plaintiffs' failure to timely file their complaint created a "jurisdictional bar to this litigation, and the Court correctly dismissed this case." Def.'s Resp. at 1, ECF No. 20. In reply, Plaintiffs argued that the time requirements in 19 U.S.C. § 1516a are not jurisdictional. Pls.' Reply at 1-2, ECF No. 23.

**DISCUSSION**

Plaintiffs' motion presents two issues. The first issue is whether the deadline for filing a complaint set out in 19 U.S.C. § 1516a(a)(2)(A) is a jurisdictional requirement. Defendant argues that "[t]his Court lacks jurisdiction to hear a case when the complaint is not filed by the statutory deadline." Def.'s Resp. at 2. Plaintiffs maintain that "Defendant's reliance on its jurisdictional challenge must fail," citing "[a] line of . . . Supreme Court decisions."[3] Pls.' Reply at 2, 4.

If the timing requirement is not jurisdictional, the second issue is whether the court should vacate the Clerk's Order of Dismissal and grant Plaintiffs' leave to file their complaint out of time "due to mistake, inadvertence, surprise, or excusable neglect under USCIT Rule 60(b)(1)." Pls.' Mot. at 3.

---

[2] Rule 6(b)(1) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Rule 60(b) permits the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect . . . or . . . any other reason that justifies relief."

[3] *See, e.g.*, *United States v. Wong*, 575 U.S. 402 (2015); *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145 (2013); *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006).

For the following reasons, the court holds that the deadline for filing a complaint in 19 U.S.C. § 1516a(a)(2)(A) is not jurisdictional and that Plaintiffs' failure to file their complaint was the result of excusable neglect.

I. **Plaintiffs' Failure to Timely File Their Complaint Does Not Deprive This Court of Jurisdiction**

Section 516A of the Tariff Act of 1930, codified as 19 U.S.C. § 1516a, permits an interested party to seek judicial review of Commerce's final results of an administrative review conducted under 19 U.S.C. § 1675. *See* 19 U.S.C. § 1516a(a)(2)(A)(i)(I). "Within thirty days after . . . the date of publication" of the final results in the Federal Register, a party "may commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint, each with the content and in the form, manner, and style prescribed by the [Court's] rules." *Id.* § 1516a(a)(2)(A). "A civil action contesting a reviewable determination listed in section 516A of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade within the time specified in such section." 28 U.S.C. § 2636(c).

The Federal Circuit and this Court have historically treated the requirement to file a complaint within 30 days of a summons, found in 19 U.S.C. § 1516a(a)(2)(A), as a jurisdictional requirement. *See, e.g.*, *Georgetown Steel Corp. v. United States*, 801 F.2d 1308 (Fed. Cir. 1986); *Wire Rope Imps.' Ass'n v. United States*, 17 CIT 1092 (1993). The reasoning in those cases, however, has been superseded by subsequent Supreme Court decisions. *See, e.g.*, *United States v. Wong*, 575 U.S. 402 (2015).

In 1986, the Federal Circuit decided *Georgetown Steel Corp. v. United States*, where it held that the filing deadlines set out 19 U.S.C. § 1516a(a)(2)(A) were jurisdictional. 801 F.2d at 1309-10. The plaintiff in *Georgetown* failed to file its complaint within the 30-day window as

prescribed by the statute due to insufficient postage on the envelope containing the complaint. *Id.* at 1311. The Federal Circuit reasoned that "[s]ince section 1516a(a)(2)(A) specifies the terms and conditions upon which the United States has waived its sovereign immunity in consenting to be sued . . . those limitations must be strictly observed and are not subject to implied exceptions." *Id.* at 1312 (citing *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981)). The Court further observed that "[i]f a litigant fails to comply with the terms upon which the United States has consented to be sued, the court has no 'jurisdiction to entertain the suit.'" *Id.* (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). In other words, because the filing deadline was deemed one of the terms upon which the United States had waived sovereign immunity, failure to adhere to the deadline meant the Court did not have jurisdiction. *See also NEC Corp. v. United States*, 806 F.2d 247, 249 (Fed. Cir. 1986) (holding that "the requirement of a properly and timely filed summons is a requisite of jurisdiction which cannot be waived").

Since *Georgetown* was decided, however, the Supreme Court has clarified when a filing deadline is jurisdictional and when it is merely a "claim-processing rule[]." *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). Claim-processing rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Id.* (citations omitted). Notably, "[f]iling deadlines . . . are quintessential claim-processing rules." *Id.*

It is possible for a procedural rule, such as a filing deadline, to be jurisdictional, but this is only the case "if Congress has 'clearly state[d]' as much." *Wong*, 575 U.S. at 409 (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013)). "[A]bsent such a clear statement . . . 'courts should treat the restriction as nonjurisdictional in character.'" *Auburn Reg'l*, 568 U.S. at 153 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006)). Furthermore, the Court has "made

plain that most time bars are nonjurisdictional." *Wong*, 575 U.S. at 410 (citing *Auburn Reg'l*, 568 U.S. at 154-55).

For example, in *Auburn Regional*, the Court considered a 180-day statutory deadline for healthcare providers to appeal a reimbursement determination under 42 U.S.C. § 1395*oo*(a)(3). 568 U.S. at 150. In relevant part, the statute stated: "Any provider . . . may obtain a hearing . . . by the Board, if . . . [the] provider files a request for a hearing within 180 days after notice of the intermediary's final determination." 42 U.S.C. § 1395*oo*(a)(3) (2006). The plaintiffs missed the statutory deadline to appeal by more than ten years and sought equitable tolling to appeal their case. *Auburn Reg'l*, 568 U.S. at 149. Noting that the statute used the permissive "may," and not mandatory language such as the word "shall," the Court concluded that "[t]his provision 'does not speak in jurisdictional terms'" and held that the deadline to appeal could therefore be tolled. *Id.* at 154 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)).

Even mandatory language, however, does not necessarily mean that a statute is jurisdictional. The Court has "rejected the notion that 'all mandatory prescriptions, however emphatic, are . . . properly typed jurisdictional.'" *Henderson*, 562 U.S. at 439 (quoting *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009)). The relevant inquiry is "whether Congress has 'clearly state[d]' that the rule is jurisdictional." *Auburn Reg'l*, 568 U.S. at 153 (quoting *Arbaugh*, 546 U.S. at 515). "Congress need not use 'magic words,' but statutory interpretation must show that its 'likely intent' was a jurisdictional reading." *Pipe & Piling Supplies v. United States*, Slip Op. 25-119, 2025 WL 2589562, at *2 (CIT Sept. 8, 2025) (quoting *Henderson*, 562 U.S. at 436).

Applying these principles to 19 U.S.C. § 1516a(a)(2)(A), the court concludes that the statute's filing deadline is not jurisdictional. First, as was the case in *Auburn Regional*, the statute

at issue here uses permissive language. It provides that "an interested party . . . *may* commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint." 19 U.S.C. § 1516a(a)(2)(A) (emphasis added).

Moreover, "[t]he text of 19 U.S.C. § 1516a does not contain any explicit language construing the statute's time periods as jurisdictional." *Arlanxeo USA LLC v. United States*, 42 CIT __, __, 337 F. Supp. 3d 1350, 1355 (2018); *see also Icdas Celik Enerji Tersane ve Ulasim Sanayi, A.S. v. United States*, 39 CIT 1543, 1550, 106 F. Supp. 3d 1328, 1334 (2015) ("There is simply no 'express jurisdictional language or language implying that [§ 1516a(a)(2)'s] timing requirements are jurisdictional.'" (quoting *Baroque Timber Indus. (Zhongshan) Co. v. United States*, 36 CIT 1268, 1273, 865 F. Supp. 2d 1300, 1306 (2012))). Additionally, "the timing provision is contained within Title 19 of the U.S. Code, whereas the Court's grant of subject matter jurisdiction is specified in Title 28 of the U.S. Code." *Arlanxeo*, 42 CIT at __, 337 F. Supp. 3d at 1355. That is, the time periods set out in 19 U.S.C. § 1516a(a)(2)(A) are separate from Congress' grant of jurisdiction to this Court. Thus, like the statute in *Auburn Regional*, the 30-day deadline to file a complaint does not "speak in jurisdictional terms" and is instead a claim-processing rule. *Auburn Reg'l*, 568 U.S. at 154.

It is difficult to see how *Georgetown* could still be good law in light of the Supreme Court decisions that have been decided in the intervening years. *See Icdas*, 39 CIT at 1551, 106 F. Supp. 3d at 1336 ("[A]lthough *Georgetown* and *NEC* labeled section 1516a's time limits 'jurisdictional' in the late 1980s, and the Court of International Trade has followed suit for the last almost 30 years, the court believes that more recent pronouncements from the Supreme Court have undercut

the *ratio decidendi* of those decisions.").[4] The court therefore rejects Defendant's jurisdictional argument and turns to the second question presented—i.e., whether to vacate the Clerk's Order of Dismissal and grant Plaintiffs leave to file their complaint.

## II. The Court Vacates the Order of Dismissal and Grants Plaintiffs' Request for Leave to File Their Complaint

There are not many facts in Plaintiffs' papers as to why Plaintiffs failed to file the complaint on time. In fact, Plaintiffs give no reason. There is, however, evidence of good faith in Plaintiffs' email to Defendant on June 2, 2025, that stated the complaint had already been filed and included the complaint as an attachment.

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . or . . . any other reason that justifies relief." Rule 6(b)(1) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time."

"The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness.*'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (emphasis in original) (quoting WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 791 (1983)). Thus, in accounting for "excusable neglect," this Court's rules contemplate that a careless or inattentive party may nevertheless obtain relief. The question is whether the neglect is excusable.

---

[4] The fact that both *Arlanxeo* and *Icdas* involved early filings, as opposed to the late or failed filing at issue here, is not relevant. The nature of the statute does not change depending on the facts presented; the statute is nonjurisdictional no matter what the facts are. *Icdas*, 39 CIT at 1546, 106 F. Supp. 3d. at 1332; *Arlanxeo*, 42 CIT at __, 337 F. Supp. 3d at 1356.

When considering excusable neglect, the court looks to several factors: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *United States v. Horizon Prods. Int'l, Inc.*, 38 CIT 1883, 1885, 34 F. Supp. 3d 1365, 1367 (2014) (citing *Pioneer*, 507 U.S. at 392); *see also Aspects Furniture Int'l, Inc. v. United States*, 44 CIT __, __, 469 F. Supp. 3d 1359, 1364-65 (2020). Here, at least three of those factors support granting Plaintiffs' requested relief.

First, Defendant does not claim that it is be prejudiced by the late filing of the complaint.[5] Indeed, the Government is at no disadvantage in the litigation should the case proceed. Defendant received the complaint by email before the filing deadline, even though it did not appear on the docket. Pls.' Mot. Attach. 1. By contrast, the prejudice of dismissal to Plaintiffs is clear—they would lose their day in court. "Dismissal here, [then], creates more prejudice than it prevents." *Icdas*, 39 CIT at 1547, 106 F. Supp. 3d at 1332.

Second, the length of the delay in this case is minimal. Rule 60(c)(1) permits a litigant to seek relief from a judgment "within a reasonable time . . . and . . . no more than a year after the entry of the judgment" when the motion is based on excusable neglect. Moreover, this Court has granted Rule 60(b) motions that were filed close to the one-year deadline. *See, e.g.*, *Carisbrook Indus., Inc. v. United States*, 13 CIT 736 (1989); *A Classic Time v. United States*, 13 CIT 836 (1989). In contrast, Plaintiffs filed their motion to vacate just one day after their case was dismissed. The delay, then, amounts to the time it took for Defendant to respond to Plaintiffs'

---

[5] Defendant's response to Plaintiffs' motion addresses solely the jurisdictional question. *See* Def.'s Resp. at 2-5.

motion and for Plaintiffs to reply, which was roughly two months. The fact that Plaintiffs diligently sought to rectify the consequence of their neglect supports granting them relief.

The third factor, concerning the "reason for the delay," does not favor Plaintiffs. It is unclear to the court why Plaintiffs' "[c]ounsel believed that the complaint was filed on CM/ECF." Pls.' Mot. at 4. Aside from acknowledging that "[c]ounsel did not check to confirm that the complaint had been successfully filed," Plaintiffs do not elaborate as to what steps counsel took to file the complaint in the first place. *Id.* There is no allegation of technological error, or any other factor outside of counsel's control, that could have caused the complaint not to have been filed.

There is, however, ample evidence of Plaintiffs' good faith, which is the fourth factor that the court considers. As discussed above, Plaintiffs emailed their complaint to Defendant within the statutory time period for filing, stating "[w]e filed the complaint today." Pls.' Mot. Attach. 1. Plaintiffs also promptly filed a Form 24 Statutory Injunction with the Government's consent, which was granted. And when the case was dismissed, Plaintiffs immediately made the pending motion. Despite Plaintiffs' failure to timely file their complaint, their good faith is evidenced by their emailing the complaint to Defendant, and their continued engagement with Defendant and with the Court. The court thus concludes that the failure to file the complaint was not due to Plaintiffs' failure to prosecute their case but was instead the result of excusable neglect.

## CONCLUSION

The foregoing constitutes the reasoning underlying the court's August 15, 2025, order, vacating the June 16, 2025, Order of Dismissal and granting Plaintiffs' request for leave to file their complaint out of time.

                                                        /s/ Richard K. Eaton
                                                                         Judge

Dated:   November 12, 2025
           New York, New York