Slip Op. 26-48

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| BAN ME THUOT HONEYBEE JSC, ET AL., | : | |
| Plaintiffs, | : | |
| and | : | |
| BAO NGUYEN HONEYBEE CO., LTD., ET AL., | : | |
| Plaintiff-Intervenors, | : | |
| v. | : | Before: Richard K. Eaton, Judge |
| UNITED STATES, | : | Court No. 25-00085 |
| Defendant, | : | |
| and | : | |
| AMERICAN HONEY PRODUCERS ASSOCIATION, | : | |
| Defendant-Intervenor. | : | |

## <u>OPINION AND ORDER</u>

[Denying Plaintiff-Intervenors' Motion to Amend Statutory Injunction Order *Nunc Pro Tunc*.]

Dated: May 11, 2026

*Jonathan M. Freed* and *MacKensie R. Sugama*, Trade Pacific PLLC, of Washington, D.C., for Plaintiffs and Plaintiff-Intervenors.

*Natalee A. Allenbaugh*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant. With her on the brief were *Brett A. Shumate*, Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Tara K. Hogan*, Assistant Director. Of Counsel was *JonZachary Forbes*, Senior Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, D.C.

Court No. 25-00085                                                                Page 2

*Joshua R. Morey*, *Matthew T. Martin*, *Melissa M. Brewer*, and *R. Alan Luberda*, Kelley Drye & Warren, LLP, of New York, N.Y., and Washington, D.C., for Defendant-Intervenor.

Eaton, Judge: Before the court is the motion of Bao Nguyen Honeybee Co., Ltd.; Dongnai Honey Bee Corp.; Huong Rung Trading-Investment and Export Company Limited; Hoang Tri Honey Bee Co., Ltd.; Nhieu Loc Company Limited; Southern Honey Bee Co., Ltd.; Thanh Hao Bees Co., Ltd.; Viet Thanh Food Co., Ltd.; and Spring Honeybee Co. Ltd. (collectively, "Plaintiff-Intervenors") to amend the statutory injunction preventing liquidation of their entries. Pl.-Ints.' Mot. Am. Statutory Inj. Order *Nunc Pro Tunc*, ECF No. 37 ("Pl.-Ints.' Mot."). Plaintiff-Intervenors ask the court to amend the injunction "so that [it] shall be effective as of August 8, 2025," which is the date that Plaintiff-Intervenors first moved for an injunction. *Id.* at 1.

The United States ("Defendant" or "the Government") opposes the motion, arguing that "no legal authority supports [P]laintiff-[I]intervenors' proposed course of action" and that the motion "runs counter to the principle of finality of liquidation." Def.'s Resp. to Pl.-Ints.' Mot. at 2, ECF No. 46 ("Def.'s Resp."). Plaintiffs Ban Me Thuot Honeybee JSC, Daklak Honeybee Joint Stock Company, Dak Nguyen Hong Exploitation of Honey Company Limited TA, Daisy Honey Bee Joint Stock Company, Hoa Viet Honeybee One Member Company Limited, and Hanoi Honeybee Joint Stock Company (collectively, "Plaintiffs") consent to Plaintiff-Intervenors' motion. Pl.-Ints.' Mot. at 5. Defendant-Intervenor American Honey Producers Association opposes the motion but did not file a response. *Id.*

## BACKGROUND

The procedural history of this case is described in the court's opinion dated November 12, 2025. *Ban Me Thuot Honeybee JSC v. United States*, 49 CIT __, 805 F. Supp. 3d 1350 (2025). The court recites it briefly here.

Plaintiffs initiated this case on May 13, 2025, to contest the Department of Commerce's ("Commerce") final results in *Raw Honey From the Socialist Republic of Vietnam: Final Results of Antidumping Duty Administrative Review; 2021-2023*, 90 Fed. Reg. 15,553 (Dep't of Commerce Apr. 14, 2025). Summons, ECF No. 1. Plaintiffs sought, and this Court granted, a Form 24 Statutory Injunction enjoining liquidation of their entries subject to administrative review. Order (June 5, 2025), ECF No. 10.

In accordance with 19 U.S.C. § 1516a(a)(2)(A), Plaintiffs were required to file a complaint within thirty days of filing their summons. Plaintiffs failed to do so, however, and, as a result, their case was dismissed by the Clerk of this Court for failure to prosecute. Order (June 16, 2025), ECF No. 11. The following day, Plaintiffs filed a motion to vacate the Clerk's order of dismissal and for leave to file their complaint out of time. Pls.' Mot. to Vacate Prior Order, ECF No. 12.

On July 3, 2025, while Plaintiffs' motion to vacate dismissal was pending, Plaintiff-Intervenors filed a motion to intervene. Mot. to Intervene as Matter of Right, ECF No. 19. Defendant opposed the motion to intervene on the ground that the case had already been dismissed, but indicated that, if the case were reopened, Defendant would reconsider its position. *Id.* at 2.

Also, on August 8, 2025, while the motion to vacate was pending, Plaintiffs and Plaintiff-Intervenors moved jointly for a preliminary injunction to enjoin liquidation of their respective entries that were subject to administrative review. Mot. for Preliminary Injunction, ECF No. 22. In the motion, Plaintiff-Intervenors expressed concern that U.S. Customs and Border Protection ("Customs") would begin to liquidate their entries in the absence of an injunction. *Id.* at 4. Again, Defendant opposed the motion for an injunction on the ground that the case had already been dismissed and stated it would reconsider its position on the injunction if the case were reopened. *Id.* at 2.

Court No. 25-00085                                                          Page 4

On August 15, 2025, the court issued three orders. First, the court vacated the prior order of dismissal, reopened the case, and deemed Plaintiffs' complaint filed. Order (Aug. 15, 2025), ECF No. 24. Second, the court granted Plaintiff-Intervenors' motion to intervene. Order (Aug. 15, 2025), ECF No. 26. Third, the court denied, without prejudice, Plaintiffs' and Plaintiff-Intervenors' joint motion for a preliminary injunction. Order (Aug. 15, 2025), ECF No. 27. As to Plaintiffs, the court said the preliminary injunction motion was moot because there was already an injunction enjoining liquidation of their entries. *Id.* at 2. As to Plaintiff-Intervenors, the court denied the motion and directed Plaintiff-Intervenors to "confer with Defendant regarding the filing of a Form 24 Statutory Injunction Upon Consent." *Id.*

The following business day, August 18, 2025, Plaintiff-Intervenors filed a renewed motion for an injunction, this time with the Government's consent. Form 24 Proposed Order for Statutory Injunction Upon Consent, ECF No. 28. The court granted the injunction the next day. Order (Aug. 19, 2025), ECF No. 29.

Plaintiff-Intervenors now allege that Customs "began to liquidate some of Plaintiff-Intervenors' entries . . . between August 8, 2025[,] through August 19, 2025." Pl.-Ints.' Mot. at 3. Plaintiff-Intervenors do not specify precisely when or how many entries were liquidated or, for that matter, how they became aware of the liquidation. The Government, for its part, does not explicitly acknowledge that any liquidation occurred and states only that Plaintiff-Intervenors "believe some entries of subject merchandise liquidated between August 8 and August 19." Def.'s Resp. at 3.

## DISCUSSION

Plaintiff-Intervenors cite 28 U.S.C. § 1585 and *Agro Dutch Industries Ltd. v. United States*, 589 F.3d 1187 (Fed. Cir. 2009) ("*Agro Dutch*") to argue that the court's equitable powers permit it to amend the injunction's date of effectiveness to the date that Plaintiff-Intervenors first moved for the injunction. Pl.-Ints.' Mot. at 3. In opposing Plaintiff-Intervenors' motion, Defendant argues that "Plaintiff-[I]ntervenors cite no authority for applying a statutory injunction to entries that were liquidated before the injunction was ordered by the Court." Def.'s Resp. at 5.

The Federal Circuit's *Agro Dutch* decision presents an exception to the general rule that liquidation of a party's subject entries will moot their claims. *See Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983). But it is not an exception that applies here.

In *Agro Dutch*, the plaintiff sought to amend an injunction against liquidation to cover entries that were liquidated after the injunction was granted, but before the injunction became effective. 589 F.3d at 1189. In accordance with the practice existing years ago, the injunction included a provision making it effective "five days after service [of the injunction] on particular Commerce and Customs officials." *Id.* The government requested the five-day delay "to avoid an inadvertent violation of the injunction by ensuring that the appropriate Government officials receive[d] notice and by providing the Government with the time needed to keep the entries from being liquidated." *Id.* (cleaned up). The plaintiff served the injunction on the appropriate officials, but, during the five-day window before the injunction became effective, Customs liquidated all of the plaintiff's entries. *Id.* The plaintiff subsequently moved for reliquidation of its entries at the correct duty rate following this Court's determination on the merits. *Id.*

The Federal Circuit upheld this Court's decision to amend the injunction and permit reliquidation because "it was the purpose of the injunction and the understanding and intent of all

the parties to suspend liquidation pending a decision on the merits of [the plaintiff's] challenge."

*Id.* at 1192. The injunction's five-day window "was not intended to give the government free rein to liquidate the subject entries before the injunction took effect" and was "added only to ensure against subjecting Customs officials to contempt sanctions for an inadvertent liquidation." *Id.* at 1193. "By amending the effective date of the injunction and ordering reliquidation, the trial court gave full effect to the purposes underlying both the injunction and the five-day window provision." *Id.*; *see also Clearon Corp. v. United States*, 34 CIT 970, 977-79, 717 F. Supp. 2d 1366, 1371-73 (2010) (eliminating an injunction's service requirement and five-day window provision to "give meaning to the parties' primary intention that no liquidation should take place"). It is worth noting that, since the adoption of the use of the Form 24 Statutory Injunction, liquidation of unliquidated entries is enjoined based on the date of entry.

Importantly, the liquidation in *Agro Dutch* occurred after the injunction was entered, even if it had not yet become effective. In other words, the government liquidated the plaintiff's entries after the parties had already agreed—and the court had ordered—that liquidation should not happen. By contrast, the Federal Circuit has held that a case was "moot once [the plaintiffs'] entries subject to the administrative review were deemed liquidated" while a motion for an injunction was pending. *SKF USA, Inc. v. United States*, 512 F.3d 1326, 1332 (Fed. Cir. 2008).

This Court's decision in *An Giang Fisheries Imp. & Exp. Joint Stock Co. v. United States* ("*An Giang*") is instructive. 41 CIT __, __, 211 F. Supp. 3d 1346, 1346 (2017). In that case, Customs had liquidated some of the plaintiffs' entries "prior to [the p]laintiffs filing their complaint and obtaining an injunction against liquidation." *Id.* at __, 211 F. Supp. 3d at 1349. The plaintiffs subsequently moved to amend the injunction that was entered after the complaint had been filed. The plaintiffs sought to amend the injunction to cover previously liquidated entries,

"imply[ing] that the requested preliminary injunction . . . was intended by the court and the parties to prevent liquidation of all subject entries . . . ." *Id.* at __, 211 F. Supp. 3d at 1351.

In denying the motion, the *An Giang* Court observed that, unlike in *Agro Dutch*, the plaintiffs in *An Giang* did "not allege that the entries were liquidated during the [injunction's] grace period . . . nor d[id] they provide any other basis to support their suggestion that the parties or the [C]ourt intended for the statutory injunction to apply to entries liquidated prior to the date the injunction took effect." *Id.* at __, 211 F. Supp. 3d at 1351 n.5. Additionally,

> [m]ovants cite[d] no authority for the court to retroactively apply a statutory injunction where there is no evidence that the parties meant for the injunction to cover the entries in question or where the court had no such intent. Likewise, [m]ovants cite[d] no authority for applying a statutory injunction for entries that were not covered by the injunction and were liquidated before the statutory injunction took effect.

*Id.* at __, 211 F. Supp. 3d at 1351 (footnotes omitted). The Court further stated that "[a]bsent extraordinary circumstances, parties should be required to follow reasonable procedures and policies that ensure fair and uniform enforcement of the antidumping laws." *Id.* at __, 211 F. Supp. 3d at 1353.

Here, Plaintiff-Intervenors ask the court to amend their injunction to become effective as of the date when they first moved for an injunction. Pl.-Ints.' Mot. at 3. They assert that amending the injunction would give effect to the court's "implied intention." *See id.* at 4. The Government opposes the motion, arguing that "it was clearly not the [c]ourt's intent to affect entries already liquidated when the [c]ourt entered the eventual Form 24 statutory injunction order." Def.'s Resp. at 4.

There is no legal basis for the court to backdate the injunction to the date that Plaintiff-Intervenors filed their motion. The alleged liquidation in this case occurred, if at all, before an injunction was entered and, as in *An Giang*, Plaintiff-Intervenors "cite no authority for

applying a statutory injunction for entries that were not covered by the injunction and were liquidated before the statutory injunction took effect" or, indeed, before an injunction was even entered. *An Giang*, 41 CIT at __, 211 F. Supp. 3d at 1351. The court therefore denies Plaintiff-Intervenors' motion.

## CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff-Intervenors' Motion to Amend the Statutory Injunction Order *Nunc Pro Tunc* is denied.

/s/ Richard K. Eaton
Judge

Dated:         May 11, 2026
               New York, New York